```
1    Darin L. Brooks
     Texas State Bar No. 00796252
2    dbrooks@grayreed.com
     Brian E. Waters
3    Texas State Bar No. 24078035
     bwaters@grayreed.com
4    GRAY REED & MCGRAW, P.C.
     1300 Post Oak Blvd., Suite 2000
5    Houston, Texas  77056
     Phone:        (713) 986-7000
6    Facsimile: (713) 986-7100

7    Attorneys for Plaintiff
     Phillips 66 Company
8
```

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIPS 66 COMPANY,<br><br>           Plaintiff,<br><br>vs.<br><br>T.M.B. ENTERPRISES, INC., THOMAS HELO AND SUZANNE HELO,<br><br>           Defendants. | Case No. 2:15-cv-01962-GW-JPR<br><br>**PHILLIPS 66 COMPANY'S NOTICE OF MOTION AND MOTION FOR PROTECTION FROM VEXATIOUS LITIGATION PURSUANT TO LOCAL RULE 83-8 AND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Hearing: November 23, 2015, at 8:30 a.m.**<br><br>**The Hon. Judge George H. Wu** |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

   PLEASE TAKE NOTICE that on November 23, 2015, at 8:30 a.m., or as soon thereafter as the court may hear this matter, in Courtroom 10 of the above-referenced Court, located at 312 North Spring Street, Los Angeles, California, Plaintiffs will move the Court for an order protecting it from a vexatious litigant and dismiss with prejudice the frivolous and fraudulent counterclaims filed by Thomas and Suzanne Helo (the "Helos") against Phillips 66 in this case.  In the alternative, Phillips 66 requests the

Court order the Helos to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against the Helos as vexatious litigants. Phillips 66 also requests the Court impose monetary sanctions against the Helos in the amount of $10,230.60 which represents the reasonable attorneys' fees incurred to date by Phillips 66 in investigating the Helos' frivolous and fraudulent counterclaims and in filing this motion for protection from same. Phillips 66 also requests any and all further protective measures and sanctions against the Helos which the Court deems appropriate.

This motion is made on the grounds that the Court has its inherent power to control vexatious litigation, as well as the express authority described in Central District Local Rule 83-8

Pursuant to Local Rule 7-3, counsel for Phillips 66 initially conferred with the Helos' counsel in July of 2015 regarding the issues raised by this motion. At that time, the Helos' counsel did not indicate that the Helos would drop the counterclaims and affirmative defenses at issue and as requested by the following motion. The Helos' counsel has since withdrawn, and the Helos are now proceeding pro se. Upon preparation to file the following motion, counsel for Phillips 66 again reached out to the Helos on October 20, 2015 to confirm that they would not drop the counterclaims and affirmative defenses that have made necessary the following motion. Since that date, counsel for Phillips 66 has exchanged several phone calls and emails with both Mr. Helo and Ms. Helo to confer regarding this motion. On October 21st, Phillips 66's counsel advised both Mr. Helo and Ms. Helo via email that Phillips 66 would assume they were opposed if they had not communicated their agreement to drop the counterclaims and affirmative defenses at issue by today, October 23rd, at 10:00 a.m. Pacific time. As of the filing of this motion, despite an additional phone call and email to Ms. Helo, Phillips 66's counsel has not received a response from her. Phillips 66 therefore must assume she is opposed to dropping the counterclaims and defenses at issue. Phillips 66's counsel was able to reach Mr. Helo by telephone today, October

1  23rd, who confirmed that he will not drop the counterclaims and affirmative defenses at
2  issue at this time, thus necessitating the following motion.
3       This motion is based upon the attached notice, the memorandum of points and
4  authorities, the declarations and exhibits attached thereto, and all of the pleadings,
5  papers, and records on file in this action.

By: /s/ Darin L. Brooks
Darin L. Brooks
dbrooks@grayreed.com
Texas Bar No. 00796252
*Admitted Pro Hac Vice*
Brian E. Waters
bwaters@grayreed.com
Texas Bar No. 24078035
*Admitted Pro Hac Vice*
GRAY REED & MCGRAW, P.C.
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Phone:    (713) 986-7000
Facsimile: (713) 986-7100

Attorneys for Plaintiff
Phillips 66 Company

## MEMORANDUM OF POINTS AND AUTHORITIES

Phillips 66 Company ("Phillips 66") hereby requests the Court exercise its inherent power to control vexatious litigation, as well as the express authority described in Central District Local Rule 83-8 by dismissing with prejudice the frivolous and fraudulent counterclaims filed by Thomas and Suzanne Helo (the "Helos") against Phillips 66 in this case. In the alternative, Phillips 66 requests the Court order the Helos to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against the Helos as vexatious litigants. Phillips 66 also requests the Court impose monetary sanctions against the Helos in the amount of $10,230.60 which represents the reasonable attorneys' fees incurred to date by Phillips 66 in investigating the Helos' frivolous and fraudulent counterclaims and in filing this motion for protection from same. Phillips 66 also requests any and all further protective measures and sanctions against the Helos which the Court deems appropriate. In support of this motion, Phillips 66 respectfully shows the Court as follows:

## BACKGROUND

Phillips 66 filed this case against T.M.B. Enterprises, Inc., Thomas Helo, and Suzanne Helo on March 17, 2015. (*See* Doc. #1) In its complaint, Phillips 66 alleged straight-forward claims for breach of contract against T.M.B. Enterprises, Inc. and breach of the related personal guaranty against the Helos. (*See id.*) On May 15, 2015, the Helos filed "Defendants Thomas Helo's and Suzanne Helo's Answers, Affirmative Defenses, and Counter Claims to Plaintiff's Complaint" (the "Helos' Answer and Counterclaims"). (Doc. #21)   In the Helos' Answer and Counterclaims, the Helos contend that they are not liable for the claims asserted in Phillips 66's Complaint because Phillips 66 and the Helos entered a settlement agreement in 2012 discharging the Helos of their obligations under the personal guaranty. (*See id.* at ¶¶ 53-58)

In addition to asserting the alleged settlement agreement as a defense to Phillips 66's claims, the Helos also asserted counterclaims against Phillips 66 for breach of

contract, fraud, and breach of the covenant of good faith and fair dealing, all of which are based on the alleged 2012 settlement agreement. (*See id.* at ¶¶ 42-77) In support of the settlement allegations, the Helos' Answer and Counterclaims describe a letter from Phillips 66's Litigation and Claims Consultant as well as an e-mail from a bankruptcy trustee,[1] both of which are attached as exhibits to the Helos' Answers and Counterclaims and appear to confirm the 2012 settlement agreement. As definitively revealed by Phillips 66's subsequent investigation, however, the letter and e-mail are outright forgeries, and the 2012 settlement described in the Helos' Answer and Counterclaims is an absolute fabrication.

## THE LETTER

The Helos' Answer and Counterclaims assert that Phillips 66 and the Helos entered a settlement agreement in conjunction with the bankruptcy of Thomas Helo's brother and that the settlement agreement was facilitated by the bankruptcy trustee. (*See id.* at ¶¶ 47-53) While Phillips 66 reached a settlement with Thomas Helo's brother in the bankruptcy proceeding, neither Thomas nor Suzanne Helo were a party to that settlement, and Phillips 66 has never settled or otherwise released any of the claims brought by Phillips 66 in this case. *See* Declaration of Phillips 66 Litigation and Claims Consultant, TaLona Brooks, attached hereto as Exhibit A.

Nevertheless, the Helos attached as an exhibit to their Answer and Counterclaims a letter allegedly from TaLona Brooks of Phillips 66 dated September 26, 2012 to Michael Champ, Thomas Helo's attorney at the time, which appears to confirm the settlement agreement between Phillips 66 and the Helos (the "Brooks Letter"). However, as Ms. Brooks states in her Declaration, "I did not write or send the September 26th Letter. I had never seen the September 26th Letter before it was filed in this case with the Helos' Answer and Counterclaims. This letter is not authentic." Exhibit A at ¶ 4. Further, the purported addressee of the letter, Thomas Helo's then-

---

[1] In the Helos' story, the alleged settlement agreement occurred in conjunction with the 2012 bankruptcy of Thomas Helo's brother and was facilitated by the bankruptcy trustee. (*See* Doc. 21 at ¶¶ 47-53)

attorney, Michael Champ, has also confirmed that he does not believe he received the Brooks Letter. *See* Declaration of Michael Champ attached hereto as Exhibit B. Specifically, Mr. Champ states:

> I do not recall ever receiving the September 26th Letter, and despite a diligent review of my files, I have been unable to locate a copy of the September 26th Letter. Further, it is my opinion that the subject matter of the September 26th Letter, which discusses settlement of Phillips 66's claims against Thomas Helo, is directly at odds with other letters and communications I received from Ms. Brooks, which were generally demands for payment and inquiries related to payment.

Exhibit B at ¶ 5. In fact, it was Mr. Champ who first recognized the authenticity issues with the Brooks Letter and the e-mail from the bankruptcy trustee. On June 22, 2015, Mr. Champ sent a letter to the Helos' attorneys, who have since withdrawn from this case, alerting them to the concerns described herein. A copy of Mr. Champ's letter is attached hereto as Exhibit C.

Although Ms. Brooks's signature appears on the Brooks Letter, the letter has only been provided in electronic format, and it seems that Ms. Brooks's signature was likely lifted from a demand letter she sent to Thomas Helo on July 17, 2012. The July 17, 2012 demand letter, which bears an identical signature to the one on the Brooks Letter, is attached hereto as Exhibit D for purposes of comparing signatures.

## THE E-MAIL

The Helo's Answer and Counterclaims assert that the alleged settlement between Phillips 66 and the Helos took place in conjunction with the bankruptcy of Thomas Helo's brother and was "[f]acilitated by the Bankruptcy Court Trustee." (*See* Doc. #1 at ¶ 53) As additional evidence of the alleged settlement, the Helos' Answer and Counterclaims attached as an exhibit a convincing e-mail dated May 28, 2013 from Nancy Zamora, the bankruptcy trustee, to attorney Michael Champ stating, in pertinent part, "Yes, $250,000 and $50,000 plus interest paid to ConocoPhillips and its claim now withdrawn in the case. *As agreed upon, all of Thomas Helo's obligations are also settled*" (the "Zamora E-Mail"). (*See* Doc. #21 at Ex. B (emphasis added)) However, this e-mail was materially altered from its original form before it was filed in this case.

The first sentence, which does appear in the original e-mail, refers to payments made to ConocoPhillips from the bankruptcy estate in satisfaction of ConocoPhillips's claim against Thomas Helo's brother, the bankruptcy debtor. The second sentence, on the other hand, which appears to confirm that ConocoPhillips's claims against Thomas Helo were also settled, was added to the Zamora E-Mail before the Helos filed it in this case to give credence to the fabricated settlement that forms the basis of the Helos defenses and counterclaims.

After locating the original e-mail in her records and reviewing the e-mail filed by the Helos in this case, Nancy Zamora has confirmed that "someone added the sentence '*As agreed upon, all of Thomas Helo's obligations are also settled*' to the end of my original email before filing it in this case. I did not write that sentence in my original email." *See* Declaration of Nancy Zamora at paragraph 5 attached hereto as Exhibit E. A copy of the original e-mail is attached to the Declaration of Nancy Zamora. A comparison of the original e-mail to the e-mail attached as Exhibit B to the Helos' Answer and Counterclaims clearly shows that the e-mail was altered to add the sentence referring to the settlement of Thomas Helo's obligations. Ms. Zamora further confirmed that, contrary to the assertions in the Helos' Answer and Counterclaims, she "never brokered any settlement between Phillips 66, or its predecessor ConocoPhillips Company, and Thomas or Suzanne Helo[,]" and she has "no knowledge of any such settlement." *See* Ex. E ¶ 6. Mr. Champ, the recipient of the e-mail from Ms. Zamora, also located the original e-mail in his records and confirmed that the sentence referring to the settlement of Thomas Helo's obligations did not appear in the e-mail sent by Ms. Zamora on May 28, 2013. *See* Ex. B ¶ 7.

## THE EFFECT

On May 15, 2015, counsel for Phillips 66 received the Helos' Answer and Counterclaims through the Court's e-filing service. *See* Declaration of Brian Waters attached hereto as Exhibit F. Upon review, Phillips 66 and its counsel were both surprised and alarmed by the allegations that Phillips 66 had settled its claims against

the Helos in 2012, especially in light of the Brooks Letter and the Zamora E-Mail which appeared to confirm the allegations. Phillips 66 and counsel immediately began an extensive investigation to determine how it could have overlooked such a settlement and filed suit against the Helos based on settled obligations. *See* Ex. F at ¶ 2. Thereafter, Phillips 66 informed its counsel that, despite a detailed review of Phillips 66's files, it had found no record of the settlement and was unable to locate a copy of the letter purportedly sent by Ms. Brooks discussing the settlement. *See id.* at ¶ 3. Initially, Phillips 66 was unable to reach Ms. Brooks to discuss the situation because Ms. Brooks was on an extended absence from work as she prepared to enter retirement. *See id.* Although the internal investigation of Phillips 66 and its counsel turned up no record of the settlement, they remained concerned because the Brooks Letter and the Zamora E-Mail were convincing evidence that a settlement may have in fact taken place. *See id.*

Fortunately, Mr. Champ became aware of this case involving his former client, Thomas Helo, decided to review the pleadings, recognized the authenticity issues with the Brooks Letter and the Zamora E-Mail, and brought the issues to the attention of all counsel involved by letter dated June 22, 2015. *See* Ex. C. Thereafter, counsel for Phillips 66 continued its investigation by contacting and interviewing Mr. Champ, Ms. Zamora, and Ms. Brooks, all of whom confirmed the authenticity issues and executed the attached declarations. *See* Ex. F at ¶ 4.

Thus, the Helos' defenses and counterclaims based on the alleged settlement are not good faith arguments and assertions of fact. To the contrary, the Helos have affected a fraud on the Court and on Phillips 66, fabricating the settlement story and forging the evidence they needed to not only prevail on their defenses, but to actually secure a monetary judgment against Phillips 66 through their counterclaims. The Helos' Answer and Counterclaims assert damages against Phillips 66 for at least $200,000 for breach of the settlement agreement. (*See* Doc. #21 at ¶ 62) However, on July 18, 2015, after the Helos' counsel withdrew from this case, the Helos served on

Phillips 66 the Helos' Rule 26 Disclosures stating that they intend to amend their pleadings to seek damages in the amount of $3,440,000. *See* Helos' Rule 26 Disclosures attached hereto as Exhibit G.

Phillips 66 has already incurred $10,230.60 in reasonable and necessary attorneys' fees to investigate and address the false settlement allegations and the forged documents. *See* Ex. F at ¶ 5. Phillips 66 will continue to incur substantial, unnecessary costs and risk as long as the Helos are allowed to continue asserting defenses and counterclaims based on forged documents and a settlement that clearly never took place.

## CENTRAL DISTRICT LOCAL RULE 83-8

"The District Court has the inherent power to levy sanctions in response to abusive litigation practices." *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 863 (C.D. Cal. 2004) (Rafeedie, J.) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980). This inherent power is augmented by Local Rule 83-8, which empowers the Court to craft an appropriate sanction to defend against vexatious litigation. *Id.* Local Rule 83-8.1 provides: "It is the policy of the Court to discourage vexatious litigation and to provide persons who are subjected to vexatious litigation with security against the costs of defending against such litigation and appropriate orders to control such litigation." Local Rule 83-8.1. Local Rule 83-8.2 provides the following:

> [T]he Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant.

Local Rule 83-8.2. "Any order issued under L.R. 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." Local Rule 83-8.3.

One would be hard-pressed to find a clearer abuse of the Court's process than the actions of the Helos in filing intentionally false pleadings and forged documents with the Court. The effect of these abuses will continue as long the Helos are permitted to assert defenses and counterclaims based on false pleadings and forged documents because Phillips 66 will have to continue to litigate those issues and conduct discovery thereon.

## **RELIEF**

Phillips 66 respectfully requests the Court issue an Order dismissing with prejudice the frivolous and fraudulent counterclaims filed by the Helos against Phillips 66 in this case and striking any defenses based on the settlement allegations.

In the alternative, Phillips 66 requests the Court issue an Order requiring the Helos to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions, or other amounts which may be awarded against the Helos as vexatious litigants.

Phillips 66 also requests the Court impose monetary sanctions against the Helos in the amount of $10,230.60 which represents the reasonable and necessary attorneys' fees incurred to date by Phillips 66 to investigate the Helos' frivolous and fraudulent counterclaims and to file this motion for protection from same.

Phillips 66 also requests any and all further protective measures and sanctions against the Helos which the Court deems appropriate.

Dated:  October 23, 2015

By:/s/ Darin L. Brooks
Darin L. Brooks
dbrooks@grayreed.com
Texas Bar No. 00796252
*Admitted Pro Hac Vice*
Brian E. Waters
bwaters@grayreed.com
Texas Bar No. 24078035
*Admitted Pro Hac Vice*
GRAY REED & MCGRAW, P.C.
1300 Post Oak Blvd., Suite 2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Houston, Texas  77056
Phone:     (713) 986-7000
Facsimile: (713) 986-7100

*Attorneys for Plaintiff*
*Phillips 66 Company*

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the Service was prepared and my business address is: Gray, Reed, McGraw, PC, 1300 Post Oak Blvd., Ste. 2000, Houston, TX 77056.

On the date set forth below, I served the following documents:

1) Phillips 66 Company's Notice of Motion and Motion for Protection from Vexatious Litigation Pursuant to Local Rule 83-8 and for Sanctions; Memorandum of Points and Authorities in Support

2) Proposed Order

on the following interested party(s):

| | |
|---|---|
| Thomas Helo | Suzanne Helo |
| Helot1@aol.com | Coachsms@aol.com |
| 9250 Reseda Blvd. #238 | 9250 Reseda Blvd. #238 |
| Northridge, CA 91324 | Northridge, CA 91324 |
| Phone: (818)923-2132 | Phone: (818)497-4051 |
| *Pro Se Defendant* | *Pro Se Defendant* |

by the following means:

☒ **(VIA MAIL)** By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid. I am readily familiar with the business practice for collecting and processing correspondence for mailing. On the same day that correspondence is processed for collection and mailing it is deposited in the ordinary course of business with the United States Postal Service in Houston, Texas to the address(es) shown herein. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(VIA FAX WITH PRIOR CONSENT)** On October 23, 2015, I transmitted from a facsimile transmission machine whose telephone number is (949) 833-9425 the above described document(s), to the interested parties listed above at the facsimile transmission numbers indicated above. The above-described transmission was reported as complete without error by a transmission report

issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

☐ **(VIA PERSONAL SERVICE)** By causing such envelope to be delivered by hand to the offices of the addressee.

Executed on October 23, 2015, at Houston, Texas.

☒ I hereby certify that the Court in this matter granted pro hac vice status to appear before it in this matter.

☐ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated: October 23, 2015      */s/ Brian E. Waters*
                             Brian E. Waters