UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-1962-GW(JPRx)** | Date | January 7, 2016 |

| | | | |
|---|---|---|---|
| Title | *Phillips 66 Company vs. T.M.B. Enterprises, Inc., et al.* | Page | 1 of 6 |

Present: The Honorable  **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) – ORDER REGARDING WITNESSES AT THE CONTINUED HEARING AS TO PLAINTIFF'S MOTION FOR PROTECTION FROM VEXATIOUS LITIGATION AND SANCTIONS [44]**

### I. Background

At the hearing of December 21, 2015, the Court indicated that, based on the additional evidence submitted to the Court and the evidence discussed in the Court's November 23, 2015 ruling, it appeared that the Helos – rather than Michael Champ (their former counsel) – were responsible for the fraudulent documents that (unfortunately) have become the focal point of this litigation.[1]  *See* Tentative Ruling, Docket No. 56.

Much of the evidence submitted by the parties in response to the Court's November 23, 2015 tentative ruling deals with the tumultuous history between the Helos and the Champs (Michael and his wife Debra Johnson-Champ) and has little to do with the Court's central inquiry here: identifying the party responsible for the fraudulent Letter and E-mail submitted in

---

[1] The Helos' counterclaims rest on a purported verbal settlement agreement between Plaintiff and the Helos whereby Plaintiff allegedly agreed to discharge all of the Helos' liabilities and obligations (the "Settlement"). The fraudulent documents are a letter from Plaintiff's litigation and claims agent purporting to confirm the Settlement (the "Letter"), and an e-mail indicating that the Helos' obligations were discharged on May 28, 2013 pursuant to the terms of the Settlement (the "E-mail").  *See* Helos' Answer & Countercls. ¶¶ 51-58, Docket No. 21; *see also* Docket Nos. 21-1, 21-2.  Because the Helos' counterclaims rest on the fabricated Settlement and fraudulent documents, the Court has indicated that they would be dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-1962-GW(JPRx)** | Date | January 7, 2016 |
|---|---|---|---|

| Title | *Phillips 66 Company vs. T.M.B. Enterprises, Inc., et al.* | Page | 2 of 6 |
|---|---|---|---|

*this* litigation. The Court nonetheless addressed two such declarations submitted by Thomas Helo ("Thomas") in light of the fact that they were or appeared to be *additional* fraudulent documents submitted by Thomas to this Court. First, the evidence before the Court indicated that the purported declaration of John Lippert ("Lippert") – a private investigator and process server previously employed by Champ – that was submitted by Thomas was not in fact not authored, prepared, or signed by Lippert.[2] *See* Tentative Ruling at 4-5, Docket No. 56. Champ submitted a declaration from Lippert stating that the declaration submitted by Thomas was fraudulent.[3] *See* Lippert Decl., Docket No. 54-1 at 69-71 of 72. Although not entirely clear from the Helos' witness lists, it seems as if the Helos do not dispute that Thomas indeed submitted a fraudulent declaration in Lippert's name. Second, the Court expressed concern that the declaration of Andrew Smyth ("Smyth") – Thomas's opposing counsel in a previous lawsuit – was also forged by Thomas, based on the Court's review of numerous filings made by Smyth in this District over the last five years and a comparison of the signatures and signature blocks on those filings to the signature and signature block on the declaration filed by Thomas.[4] *See* Tentative Ruling at 5, Docket No. 56.

At the December 21 hearing, the Court indicated that it would allow the Helos to provide

---

[2] The fraudulent Lippert declaration discusses alleged forgeries of various documents, including proofs of service and due diligence declarations, by Champ in other cases. *See* Purported Lippert Decl., Docket No. 53 at 46-49 of 95.

[3] The Lippert declaration also discusses other issues between Thomas Helo and Lippert which are not germane to the Court's instant inquiry. For instance, Lippert also states that Thomas, pretending to be an attorney for another individual, repeatedly contacted Lippert in a "scheme to have [Lippert] file a false declaration concerning service of documents during the month of July, 2014." *See* Lippert Decl. ¶¶ 5-10. Lippert also discusses an anonymous letter sent to the LAPD stating that Lippert had been hired by Champ to kill Thomas for $10,000, which the LAPD ultimately determined was fake and likely sent by Thomas. *Id.* ¶¶ 10-11.

[4] The Smyth declaration discusses Thomas Helo's conduct representing himself pro per in another litigation. *See* Smyth Decl., Docket No. 53 at 7-8 of 95.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-1962-GW(JPRx)** | Date | January 7, 2016 |
|---|---|---|---|

| Title | *Phillips 66 Company vs. T.M.B. Enterprises, Inc., et al.* | Page | 3 of 6 |
|---|---|---|---|

additional witness testimony at the continued hearing on January 11, but required them ro provide a list of said witnesses and a concomitant offer of proof. *See* Docket No. 56 at page 1. The Helos have produced those materials and in response the Court would rule as follows:

## II. Witness Lists

Thomas and Suzanne Helo have each submitted a list of witnesses and an offer of proof.[5] The Court would limit the proposed testimony as follows:

### A. *Suzanne Helo's ("Suzanne") Witness List and Offer of Proof, Docket No. 57*

1. Hon. James Kaddo[6]

Suzanne states that Judge Kaddo will "testify of the existence of the fraudulent letter in question long before this court action"; "will discredit the declarations of Michael Champ, Debra Johnson-Champ [Michael Champ's wife], and John Lippert"; and "will prove the author of the fraudulent documents is Michael Champ."

The declaration of Debra Johnson-Champ primarily pertains to an e-mail she sent to Thomas Helo on September 29, 2013, which included some profanity and which Thomas allegedly altered to include far more profanity and racial slurs before filing it in other cases. *See* Decl. of Debra Johnson-Champ, Docket No. 54-1 at 47-51 of 72. Her declaration also discusses other documents that Thomas purportedly forged and submitted to other courts. *Id.* These issues are not germane to the Court's present inquiry.

The Lippert declaration – in addition to indicating that the declaration submitted by Thomas in Lippert's name was forged – discusses other incidents involving Lippert and Thomas which are not pertinent to the instant dispute. *See supra* note 3. Assuming Judge Kaddo's

---

[5] The Court ordered the Helos to file a witness list and offer of proof by January 4, 2016, but the Helos did not submit their lists until January 5, 2016. Thomas Helo has indicated telephonically to the Court's clerk that the delay was due to an alleged I-5 closure on his route from Valencia, California to the courthouse.

[6] The basis for Judge Kaddo's knowledge regarding the fraudulent documents is unclear.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-1962-GW(JPRx)** | Date | January 7, 2016 |
| Title | *Phillips 66 Company vs. T.M.B. Enterprises, Inc., et al.* | Page | 4 of 6 |

testimony regarding Lippert's declaration would be focused on these incidents, such testimony would not be germane to the Court's present inquiry.

Michael Champ's declaration and supplemental declaration pertain in part to the fraudulent Letter and E-mail, but also describe numerous other incidents involving Thomas's submission of falsified documents to other courts and other issues that have arisen between the Helos and the Champs in the past. *See* Champ Decl., Docket No. 44-2; Supp'l Champ Decl., Docket No. 54 at 6-10 of 10. Judge Kaddo's testimony would be limited to the fraudulent Letter and E-mail that are the subject of the Court's present inquiry.

For the foregoing reasons, Judge Kaddo may only present testimony with respect to the fraudulent Letter and E-mail generally, or in response to Michael Champ's declaration as it relates to the fraudulent Letter and E-mail.

    2. George Schwary

George Schwary is Suzanne's father and Thomas's father-in-law. Suzanne states that Schwary will offer "[r]ebuttal testimony to the declarations of Michael Champ, Debra Johnson-Champ, and John Lippert" and "will prove the author of the fraudulent documents is Michael Champ."

For the reasons set forth *supra*, no testimony as to the declarations of Debra Johnson-Champ or Lippert may be presented. In addition, as indicated in this Court's previous tentative ruling, Champ has provided testimony and supporting evidence contradicting the statements made Schwary in his declaration. *See* Tentative Ruling at 4, Docket No. 56. Accordingly, Schwary may only testify regarding the fraudulent Letter and E-mail and only to the extent that the testimony was not already presented to the Court by way of Schwary's declaration. *See* Schwary Decl., Docket No. 53 at 9-11 of 95.

    **B. Thomas Helo's Witness List and Offer of Proof, Docket No. 58**

        1. George Schwary (discussed *supra*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-1962-GW(JPRx)** | Date | January 7, 2016 |
| Title | *Phillips 66 Company vs. T.M.B. Enterprises, Inc., et al.* | Page | 5 of 6 |

    2. Andrew Smyth[7]

Thomas states that Smyth will testify that "he did sign the declaration that Mr. Thomas Helo submitted" and that "both Mr. Watters [sic] and Mr. Champ called him and told them both that he signed it."

The Court would limit Smyth's testimony to whether Smyth authored and signed the declaration submitted by Thomas in Smyth's name.

    3. Dr. John Kayvanfar

Thomas states that Dr. Kayvanfar will testify that his secretary routinely signed notes for him, that his secretary signed the note submitted as Exhibit 9 to Champ's supplemental declaration, that the "note is legitimate," and that Champ knew as much when he submitted it to the Court as "fake."

Exhibit 9 contains a May 6, 2014 medical note on Dr. Kayvanfar's stationary that Thomas Helo submitted in a fee arbitration proceeding with the Los Angeles Bar Association in order to receive a continuance.  *See* Supp'l Champ Decl. ¶ 19, Docket No. 54; Docket No. 54-1 at 36 of 72 (the note).  Exhibit 9 also includes the arbitration panel's Statement of Decision and Award, which states that "[a]though the [May 6, 2014] note was purportedly signed by the orthopedic surgeon, the signature was clearly not his (as evidenced by submitted signed prescription forms)."  *See* Docket No. 54-1 at 40 of 72 (Statement of Decision and Award).

This dispute regarding the May 6, 2014 note and what Champ may or may not have known regarding the note is not germane to the Court's inquiry here.  Thomas may not present Dr. Kayvanfar as a witness.

    4. Steve Hug

Thomas states that Hug will testify "regarding the Appointment Slip (Exhibit 4) on

---

[7] Thomas Helo lists this witness as Andrew "Smith," but given the offer of proof, it appears he is referring to Andrew Smyth.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-1962-GW(JPRx)** | Date | January 7, 2016 |
| Title | *Phillips 66 Company vs. T.M.B. Enterprises, Inc., et al.* | Page | 6 of 6 |

Champ & Associates fax letter head" and that his testimony will show that Champ "knowingly submitted a fraudulent document in his reply."

Thomas appears to be referring to Exhibit 8 to Champ's supplemental declaration, which pertains to a fax sent by Thomas to the aforementioned arbitration panel using Champ's firm name and fax number.  *See* Supp'l Champ Decl. ¶ 19, Docket No. 54; *see also* Docket No. 54-1 at 33-34 of 72.  That issue does not pertain to the present inquiry.  Thomas may not present Hug as a witness.

   5. "Computer tech (yet to be determined)"

Thomas states that this individual "[w]ill testify about the questioned documents."

In light of Thomas's failure to identify the "computer tech" or set forth the basis of his or testimony by the date set by the Court, Thomas may not present the testimony of his "computer tech."

**III.  Conclusion**

In sum, the Helos may present the following witnesses: (1) Judge Kaddo, who may testify only as to his knowledge regarding the fraudulent Letter and E-mail generally, or in response to Michael Champ's declaration as it relates to the fraudulent Letter and E-mail; (2) George Schwary, who may testify only as to the fraudulent Letter and E-mail and only to the extent that the testimony was not already presented to the Court in his declaration; and (3) Andrew Smyth, who may testify only as to whether he authored and signed the declaration submitted in his name by Thomas.